TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00183-CR






Abel Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,711, HONORABLE OLIVER KELLEY, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of aggravated assault and assessed punishment, enhanced by
a previous felony conviction, at imprisonment for eighteen years. Tex. Penal Code Ann. § 22.02 (West
1994). Appellant complains of the admission of two exhibits. We will overrule these complaints and affirm.

At approximately 1:30 a.m. on June 2, 1996, the complainant, Robin Gullickson, received
a telephone call from her niece, Carolyn Rolls. Rolls told Gullickson that she had been injured in a fight
with another woman. Gullickson, her husband Richard, and their son Ryan, immediately left their home in
Marble Falls and drove to the Temple apartment Rolls shared with appellant, the father of her infant
daughter. At the apartment complex, the Gullicksons encountered a group of young men who were
standing around drinking beer. The men refused to give directions to Rolls's apartment. One of the men,
identified as appellant, then attacked Robin Gullickson with an aluminum baseball bat. Richard Gullickson
came to his wife's aid and was also beaten by appellant. Robin Gullickson's left tibia was shattered and
her collar bone was broken. She remained in a wheelchair at the time of trial. Richard Gullickson suffered
a five-inch cut to the temple where he was hit by the bat. He continued to experience migraine headaches,
blurred vision, and uncontrollable shaking of the head and arm.

Appellant did not deny attacking the Gullicksons with the baseball bat. The defensive
testimony raised an issue of self-defense that was submitted to and rejected by the jury.

In his first point of error, appellant contends the district court erred by admitting a
photograph of Rolls taken two days after the incident. In the photograph, Rolls has a prominent black eye. 
Appellant contends the photograph was irrelevant.

Evidence is relevant if it has a tendency to make the existence of a consequential fact more
or less probable than it would be without the evidence. Tex. R. Crim. Evid. 401. In his brief, appellant
concedes that the Gullicksons could testify about the reported attack on Rolls to explain why they went to
the apartment complex. The photograph tended to corroborate this report and the district court's
conclusion that the photograph was relevant evidence was not an abuse of its discretion. Further, any error
in the admission of the photograph was harmless. It was undisputed that Rolls had been injured during what
she said was an attack by one or two women. Appellant argues that the State sought to imply that he
inflicted Rolls's injuries, but the only record reference he makes does not support this argument. Under
the circumstances, the admission of the photograph did not contribute to the conviction or punishment, or
otherwise affect appellant's substantial rights. See Tex. R. App. P. 44.2(b) and former Tex. R. App. P.
81(b)(2). Point of error one is overruled.

Appellant's remaining points of error complain of the admission in evidence of the
Gullickson's telephone bill, showing the collect call from Rolls on the morning of June 2. Appellant
contends the bill was hearsay and was not properly qualified as a business record. Tex. R. Crim. Evid.
801, 803(6). Once again, any error was clearly harmless. The fact that Rolls called the Gullicksons was
undisputed. The challenged exhibit merely confirmed this fact and did not prejudice appellant in any way. 
Points of error two and three are overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 18, 1997

Do Not Publish



COLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00183-CR






Abel Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,711, HONORABLE OLIVER KELLEY, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of aggravated assault and assessed punishment, enhanced by
a previous felony conviction, at imprisonment for eighteen years. Tex. Penal Code Ann. § 22.02 (West
1994). Appellant complains of the admission of two exhibits. We will overrule these complaints and affirm.

At approximately 1:30 a.m. on June 2, 1996, the complainant, Robin Gullickson, received
a telephone call from her niece, Carolyn Rolls. Rolls told Gullickson that she had been injured in a fight
with another woman. Gullickson, her husband Richard, and their son Ryan, immediately left their home in
Marble Falls and drove to the Temple apartment Rolls shared with appellant, the father of her infant
daughter. At the apartment complex, the Gullicksons encountered a group of young men who were
standing around drinking beer. The men refused to give directions to Rolls's apartment. One of the men,
identified as appellant, then attacked Robin Gullickson with an aluminum baseball bat. Richard Gullickson
came to his wife's aid and was also beaten by appellant. Robin Gullickson's left tibia was shattered and
her collar bone was broken. She remained in a wheelchair at the time of trial. Richard Gullickson suffered
a five-inch cut to the temple where he was hit by the bat. He continued to experience migraine headaches,
blurred vision, and uncontrollable shaking of the head and arm.

Appellant did not deny attacking the Gullicksons with the baseball bat. The defensive
testimony raised an issue of self-defense that was submitted to and rejected by the jury.

In his first point of error, appellant contends the district court erred by admitting a
photograph of Rolls taken two days after the incident. In the photograph, Rolls has a prominent black eye. 
Appellant contends the photograph was irrelevant.

Evidence is relevant if it has a tendency to make the existence of a consequential fact more
or less probable than it would be without the evidence. Tex. R. Crim. Evid. 401. In his brief, appellant
concedes that the Gullicksons could testify about the reported attack on Rolls to explain why they went to
the apartment complex. The photograph tended to corroborate this report and the district court's
conclusion that the photograph was relevant evidence was not an abuse of its discretion. Further, any error
in the admission of the photograph was harmless. It was undisputed that Rolls had been injured during what
she said was an attack by one or two women. Appellant argues that the State sought to imply that he
inflicted Rolls's injuries, but the only record reference he makes does not support this argument. Under
the circumstances, the admission of the photograph did not contribute to the conviction or punishment, or
otherwise affect appellant's substantial rights. See Tex. R. App. P. 44.2(b) and former Tex. R. App. P.
81(b)(2). Point of error one is overruled.

Appellant's remaining points of error complain of the admission in evidence of the
Gullickson's telephone bill, showing the collect call from Rolls on the morning of June 2. Appellant
contends the bill was hearsay and was not properly qualified as a business record. Tex. R. Crim. Evid.
801, 803(6). Once again, any error was clearly harmless. The fact that Rolls called the Gullicksons was
undisputed. The challenged exhibit merely confirmed this fact and did not prejudice appellant in any way. 
Points of error two and three are overruled.

The judgment of conviction is affirmed.